The undersigned have reviewed the prior Opinion and Award based upon the record and the briefs of counsel. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives or amend the Opinion and Award. Accordingly, the Opinion and Award by Deputy Commissioner Nance is affirmed.
This matter was appealed by plaintiff on October 20, 1992, to the North Carolina Court of Appeals. In Case Number 9210IC1320, the North Carolina Court of Appeals dismissed plaintiff's appeal to the North Carolina Court of Appeals as being an interlocutory appeal. On June 16, 1994, the North Carolina Supreme Court denied a petition for discretionary review. And so the case is before the Full Commission on Plaintiff's appeal from the 8 January 1992 Opinion and Award of Deputy Commissioner Nance.
* * * * * * * *
This case was originally heard before Deputy Commissioner Nance in Winston-Salem on 8 November 1991.
There is a Form 21 Agreement in the file which has been approved by the Industrial Commission and is a part of the record.
The Full Commission takes judicial notice of the Order entered by Executive Secretary Robert Fisher on 21 June 1991 which states in relevant part:
 . . . the Defendants' Motion for an Order permitting Defendants to stop payment of compensation during the claimant's refusal to cooperate and participate in an independent medical examination; for credit for all monies paid to the claimant from January 16, 1991 to the present; for an order barring the claimant of prosecuting any proceedings under the act during her refusal; and for an Order directing the claimant to pay the costs including attorney's fees incurred in the prosecution of this Motion is hereby Allowed. Plaintiff is hereby directed to pay to the Defendant $200.00 which represents the attorney's fees incurred as a result of the claimant's refusal to submit to an independent medical examination.
The Full Commission also takes judicial notice of Deputy Commissioner Nance's Pretrial Order Filed 11 October 1991.
The parties were unable to come to terms on a pretrial agreement. Nevertheless, the hearing went forward on 8 November, and Deputy Commissioner Nance identified the following issues from the evidence presented:
 (1) Is plaintiff's counsel or defendants' counsel entitled to attorney's fees pursuant to G.S. § 97-88.1?
 (2) Was plaintiff's refusal to sign a release (the substance of which will be discussed in greater detail infra) sufficient ground to terminate her weekly benefits pursuant to G.S. § 97-27?
Plaintiff did not raise at the hearing the propriety of the Industrial Commission procedures whereby Executive Secretary Fisher's Order terminating plaintiff's benefits was entered, nor the alleged bias associated with those procedures. Constitutional issues were not raised at the hearing. Plaintiff rested at the conclusion of plaintiff's testimony. Counsel for defendants requested additional time after the hearing to depose Mr. Unger and Dr. Camp. The record was to remain open five to ten days for defendants to depose these witnesses at defendants' expense.
On either November 12th or November 13th, 1991 (there is no written memorandum concerning the exact date of the call or its contents), Ms. Orbock called Deputy Commissioner Nance at the Industrial Commission. At the outset she advised she was calling concerning the Godlewski case. Deputy Commissioner Nance assumed the call concerned a procedural matter. Ms. Orbock then advised that she had just learned from Kenneth Unger that Charlotte Orthopaedic Hospital would waive the requirement of the release, and she did not know what to do. Ms. Orbock was advised at that point that Deputy Commissioner Nance did not think it would be appropriate to continue the conversation. The phone call was then terminated. It was not until Deputy Commissioner Nance received a copy of Ms. Orbock's letter to Mr. Walden dated 14 November 1991 that Deputy Commissioner Nance learned what defendants' position would be in light of this new information.
The depositions of Mr. Unger and Dr. Camp were never taken.
On 21 November 1991 Mr. Walden filed a Motion to Admit, to Close the Evidence, and for Certification to the Court of Appeals. An amended motion was filed on 5 December 1991. Plaintiff's post-hearing motions were denied. Deputy Commissioner Nance ruled that she was not prejudiced against plaintiff nor inclined towards defendants by Ms. Orbock's telephone call or letter advising that defendants could belatedly resolve this dispute after plaintiff had gone without compensation for several months. None of the other issues raised by Mr. Walden in his motions were addressed at the hearing. In light of the following findings, the Deputy Commissioner was and the Full Commission is of the opinion that justice would be better served by issuance of an Opinion and Award based on the record in this case, rather than delaying plaintiff's payment of compensation further and certifying this case to the Court of Appeals.
Based upon the competent evidence adduced from the record, the undersigned makes the following:
FINDINGS OF FACT
1. On 13 September 1988 plaintiff sustained an injury to her back for which defendants admitted liability and paid compensation pursuant to a duly approved Form 21 Agreement.
2. In November 1990 defendant-carrier asked plaintiff to submit to an Independent Medical Examination (IME) by Dr. Camp at the Charlotte Orthopaedic Hospital. Plaintiff agreed to travel from Winston-Salem to Charlotte to submit to the exam.
3. Prior to the exam with Dr. Camp scheduled for 16 January 1991, defendant-carrier sent plaintiff a release to sign. Charlotte Orthopaedic Hospital ordinarily requires a signed release from any patient being examined by a doctor affiliated with the hospital.
4. Plaintiff, who all along had agreed to see Dr. Camp, refused to sign the release. She did not refuse to see Dr. Camp.
5. Plaintiff objected to signing the release because it authorized HIV testing and performance of any medical or surgical procedures under anesthesia.
6. Plaintiff's refusal to sign the release was entirely reasonable. It did not constitute a refusal to see Dr. Camp. To the extent it obstructed an examination by Dr. Camp, it was reasonable and justifiable under the circumstances.
7. Plaintiff's request for hearing and position espoused in this case were not without reasonable grounds.
8. To the extent that defendants' position in this case was approved by the Industrial Commission per Executive Secretary Fisher's Order of 21 June 1991, their defense of this claim at hearing was not without reasonable grounds.
The foregoing findings of fact engender the following:
CONCLUSIONS OF LAW
1. Plaintiff did not refuse to submit to an IME by the doctor of defendants' choosing. Her refusal to sign a release which authorized surgery under anesthesia and HIV testing, was reasonable, and to the extent that her refusal obstructed the examination by Dr. Camp, it was justifiable under the circumstances. Therefore, in this case there are no grounds upon which to terminate plaintiff's compensation pursuant to G.S. § 97-27(a).
2. Plaintiff's and defendants' requests for attorney fees pursuant to G.S. § 97-88.1, are hereby DENIED, the actions having been reasonable. In addition, plaintiff shall not be required to pay attorney's fees of $200.00 as previously ordered.
The foregoing findings of fact and conclusions of law engender the following:
AWARD
1. To the extent they have not already done so, Defendants shall immediately resume payment of temporary total disability benefits from the date of last payment and shall continue doing so until further order of the Industrial Commission. That compensation which has accrued shall be paid to plaintiff in a lump sum, subject to the attorney fee hereinafter approved.
2. Defendants shall pay the costs of this action.
3. Plaintiff's attorney is entitled to a fee of 25 percent of the compensation awarded herein, which amount shall be deducted from the lump sum due plaintiff and paid directly to Mr. Walden. With respect to any continuing compensation payments made after the lump sum payment, every fourth payment shall be paid to Mr. Walden as an attorney fee.
 S/ _______________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING: S/ _________________________ DIANNE C. SELLERS COMMISSIONER
S/ _________________________ COY M. VANCE COMMISSIONER